UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


David Vandenberg

    v.                                    Civil No. 13-cv-040-JL

Judith Hamilton


**O R D E R**

Before the court in this diversity action is plaintiff David Vandenberg's motion to recover the costs of service of the summons (doc. no. 9), pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. Defendant, Judith Hamilton, objects (doc. no. 13). The motion is granted in part and denied in part.[1]

Discussion

Rule 4(d)(1) imposes upon individuals like Hamilton a duty to avoid unnecessary expenses associated with formal service of the summons in a civil case. Fed. R. Civ. P. 4(d)(1). The rule authorizes a plaintiff to request that the defendant waive

---

[1] Also pending is Hamilton's motion to dismiss (doc. no. 14), in which she asserts that her status as a court-appointed guardian ad litem in a child custody dispute renders her absolutely immune from Vandenberg's claims. This court declines to address the merits of the motion to dismiss, or the issues therein, at this time. See Marcello v. Maine, 238 F.R.D. 113, 116 (D. Me. 2006) (costs may be recovered from defendant who fails to execute valid waiver of service, even if underlying complaint lacks merit).

service by mailing that defendant the prescribed notice, two copies of the waiver form, the complaint, and a prepaid reply envelope, and by providing at least 30 days for the defendant to return the signed waiver.  See id.  If the defendant fails, without good cause, to execute the waiver, the plaintiff is entitled to an award of costs.  See Fed. R. Civ. P. 4(d)(2).  Recoverable costs include the expenses later incurred in serving the summons, and reasonable expenses incurred in filing a motion to collect such costs.  See id.  A pro se plaintiff may not recover costs that would be analogous to an attorney's fee for time spent preparing the motion.  See Marcello v. Maine, 238 F.R.D. 113, 117 (D. Me. 2006).

Vandenberg bears the burden of showing that he delivered to Hamilton a valid notice of action and request for waiver, pursuant to Rule 4(d)(1).  See Simanonok v. Lamontagne, 181 F.3d 80, 1998 WL 1085670, *2 (1st Cir. 1998) (unpublished table decision); accord Hopper v. Wyant, No. 12-5103, 2012 WL 5871031, *1 (10th Cir. Nov. 21, 2012).  Once the plaintiff's burden is met, the burden shifts to Hamilton to show good cause for failing to execute the waiver.  See Rollin v. Cook, 466 F. App'x 665, 667 (9th Cir. 2012).

Vandenberg has shown that he mailed a valid notice of waiver form, the complaint, and other documents to Hamilton, in

2

accordance with Rule 4(d)(1), and that Hamilton received those documents more than thirty days before Vandenberg arranged for Hamilton to be served.  Hamilton does not deny receipt of the proper forms by mail; rather, she asserts that because she routinely discards Vandenberg's correspondence, which she deems harassing, and because she believed she would be immune from any claims he could assert, she did not know that this lawsuit existed, or that Vandenberg's correspondence could affect her rights.  Without more, this court cannot deem Hamilton's failure to familiarize herself with the import of legal documents bearing this court's caption, and sent to her via certified mail, to be "good cause" for failing to execute a waiver.  Accordingly, pursuant to Rule 4(d)(2), the court must impose the costs of service that Vandenberg incurred when Hamilton failed to execute the waiver without good cause.

   Vandenberg incurred service costs in the amount of $40.34, after Hamilton failed to execute the waiver.  Those costs are recoverable.  The amount Vandenberg spent on February 14, 2013, to send the notice of waiver to Hamilton, however, is not recoverable, see Sandoval v. Little Concessions, LLC, No. 10-cv-3895, 2011 WL 780874, *1 (N.D. Ill. Feb. 28, 2011), nor is the $100 he claims for "collection expenses."  Vandenberg has failed to show that the "collection expenses" include any expense other

than his valuation of the time he spent preparing the motion. As stated above, a pro se plaintiff cannot recover such expenses. Accordingly, the motion for service costs (doc. no. 9) is granted, to the extent that Hamilton must pay Vandenberg $40.34. The motion is denied as to any other request for costs.

## Conclusion

The motion for service costs (doc. no. 9) is granted in part and denied in part. The motion is granted to the extent that Hamilton shall pay Vandenberg $40.34 within fourteen days of the date of this order. The motion is denied in all other respects.

   SO ORDERED.

                                    _____
                                    Landya McCafferty
                                    United States Magistrate Judge

May 2, 2013

cc:   David Vandenberg, pro se
      Judith Hamilton, pro se

LBM:nmd