UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

David D. Vandenberg

    v.                                  Civil No. 13-cv-040-JL

Judith E. Hamilton

**SUMMARY ORDER**

David D. Vandenberg, proceeding pro se, has brought state-law claims against Judith E. Hamilton.  These claims, for conversion, malicious prosecution, and intentional or negligent infliction of emotional distress, arise out of actions that Hamilton allegedly took "under color of appointment as a guardian ad litem" in proceedings in New Hampshire state court.  This court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1) (diversity), because Vandenberg is a citizen of Georgia and Hamilton is a citizen of New Hampshire.

Hamilton, also proceeding pro se, has filed a motion to dismiss.[1]  See Fed. R. Civ. P. 12(b)(6).  Hamilton argues that, under New Hampshire law, she is entitled to absolute quasi-judicial immunity from liability for her actions as guardian ad

---

[1]While this court customarily hears oral argument on dispositive motions, as it previously notified the parties, see Order of May 3, 2013, a review of the parties' submissions makes clear that oral argument would not provide assistance to the court in deciding the motion to dismiss.  See L.R. 7.1(d).

litem.  See Surprenant v. Mulcrone, 163 N.H. 529, 530 (2012).  In Surprenant, the New Hampshire Supreme Court held that a guardian ad litem is entitled to absolute immunity for her "[c]onduct intimately related to the judicial process," since "by virtue of being appointed by a judge and acting in service of the court," a guardian ad litem "acts as a government official when performing those duties delegated to [her] by the court."  Id. (quotation marks omitted).

    As Vandenberg acknowledges in his objection to Hamilton's motion, she was indeed appointed as a guardian ad litem on behalf of Vandenberg's minor child in custody proceedings in Cheshire County Superior Court.  The amended complaint alleges that, without probable cause, and with malice, Hamilton "commenced and prosecuted legal proceedings against [him] under color of appointment as guardian ad litem," and that these proceedings "unlawfully terminated all contact between [Vandenberg] and his daughter."  The amended complaint further alleges that, in spite of her duty as guardian ad litem "to represent the best interests of the child," Hamilton "executed numerous legal blunders that actually impaired the child's interests."  The amended complaint also alleges that, "for services provided under color of law" as guardian ad litem, Hamilton "unlawfully coerced by threat of imprisonment" a sum of money from Vandenberg.

These claims plainly arise out of Hamilton's performance of her duties as guardian ad litem and, as such, are barred by absolute quasi-judicial immunity.  See Surprenant, 163 N.H. at 530.  In resisting this conclusion, Vandenberg makes two arguments, both of which are without merit.

First, Vandenberg argues that Hamilton cannot raise her immunity defense by way of a motion to dismiss under Rule 12(b)(6).  That is incorrect.  Absolute immunity is an affirmative defense that can be raised, and adjudicated, on a motion to dismiss under Rule 12(b)(6).  See, e.g., Slotnick v. Garfinkle, 632 F.2d 163, 166 n.2 (1st Cir. 1980).

Second, Vandenberg argues that, while Hamilton "was appointed on two occasions early in the custody matter," she "was also discharged from her appointment by operation of law on February 9, 2006 and November 15, 2006," after which she "returned to the case sua sponte and without valid appointment." But the records of the custody proceedings tell a different story, and this court--which can consider the records in deciding the motion to dismiss--is not required to accept Vandenberg's contrary version of the Superior Court's actions.  See Katz v. McVeigh, ___ F. Supp. 2d ___, 2013 DNH 037, 5-6 (citing Rederford v. U.S. Airways, Inc., 589 F.3d 30, 35 n.4 (1st Cir. 2009)), appeal docketed, No. 13-1453 (1st Cir. Apr. 16, 2013).

In particular, in response to a motion by Hamilton, the Superior Court clarified a prior order, dated October 27, 2008, by appointing Hamilton as guardian ad litem "retroactively to November 16, 2006," i.e., the day after Vandenberg says that Hamilton "was discharged" as guardian ad litem.  So, even after that point, Hamilton was acting as a duly appointed guardian ad litem, at least as far as the appointing court was concerned.  Vandenberg argues that this decision in effect "allowed [Hamilton] to remain on the case without appointment, contrary to law."  Under the Rooker-Feldman doctrine, however, this court lacks jurisdiction to hear a challenge to the legality of the Superior Court's decisions as to Hamilton's status as guardian ad litem.  See Young v. Murphy, 90 F.3d 1225, 1232 n.3 (7th Cir. 1996) (ruling that plaintiff's challenge to state court's appointment of guardian ad litem as inconsistent with state law was "exactly [the] federal case-by-case review of the adequacy of state civil proceedings that Rooker-Feldman precludes").

Vandenberg also argues that Hamilton is collaterally estopped from claiming that she had a valid appointment as a guardian ad litem, by (a) an order of the Superior Court declining her requests for fees and (b) an order of the New Hampshire Guardian ad Litem Board.  As an initial matter, though, it is doubtful that, following the appointment of a guardian ad

litem by a court, subsequent decisions (particularly by another tribunal) that the appointment was invalid would have any effect on her immunity for her prior actions, i.e., those taken while her appointment was in effect.  Indeed, Vandenberg's amended complaint is premised on the notion that Hamilton misused her authority as a court-appointed guardian ad litem to his detriment, so it seems inconsistent, to say the least, for him to claim, in response to her motion to dismiss, that she in fact lacked any such appointment in the first place.

In any event, neither of these orders, at least in the truncated form in which Vandenberg has presented them to this court, decides the validity of Hamilton's appointment as guardian ad litem during the relevant time period.  Instead, they (a) granted a motion by Hamilton to exclude any evidence of her billing or fees (from what proceeding they were excluded is unclear), noting that she had been discharged as part of an order of February 2012, which was some 5 1/2 years after Vandenberg claims her discharge occurred, and (b) affirmed the dismissal of a complaint that Vandenberg filed against Hamilton with the state Guardian ad Litem Board, noting that "[t]he alleged actions were undertaken at a time when the guardian ad litem was not certified

5

by the board"--but without identifying that time.[2]  The party urging the application of collateral estoppel has the burden of proving it, see Foley v. Town of Lee, 863 F. Supp. 2d 130, 135 (D.N.H. 2012) (citing Restatement (Second) of Judgments § 27 cmt. f (1980)), and Vandenberg has not carried that burden here.

Accordingly, because Hamilton's affirmative defense of absolute quasi-judicial immunity is "definitively ascertainable," and establish[ed] . . . with certitude" from the amended complaint and the records of her appointment as guardian ad litem by the Superior Court, her motion to dismiss[3] is GRANTED. Citibank Global Mkts., Inc. v. Rodriguez Santana, 573 F.3d 17, 23 (1st Cir. 2009).  In light of the dismissal, Vandenberg's motion to amend his complaint,[4] which seeks only to replace his prayer for "punitive damages" with one for enhanced compensatory damages, is DENIED as moot.

---

[2]Vandenberg also argues that, following "an investigative hearing," the New Hampshire House of Representatives found that Hamilton "returned to the case sua sponte and without valid appointment."  Putting aside the fact that the materials that Vandenberg has submitted show only "findings" of a "Committee on Redress of Grievances," and no action by the full House, "[l]egislative hearings are not judicial proceedings, and conclusions reached thereby are not res adjudicata," under New Hampshire law.  New Hampshire v. Me. Cent. R.R., 77 N.H. 425, 427 (1914).

[3]Document no. 14.

[4]Document no. 25.

Vandenberg's "motion for an order to show cause,"[5] which asks for a sanction against Hamilton on the ground that one of the statements in her answer lacks evidentiary support, <u>see</u> Fed. R. Civ. P. 11(b)(3), is DENIED.  As Hamilton points out in her objection, her answer does not, in fact, state that Vandenberg was sanctioned for contempt, by incarceration or otherwise, by the Superior Court.

Finally, Vandenberg's motion to strike[6] Hamilton's reply memorandum on the motion to dismiss is DENIED as moot in light of this court's order granting her leave to reply, and Vandenberg leave to sur-reply.  Order of May 3, 2012.  The Clerk shall enter judgment accordingly and close the case.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  May 28, 2013

cc:  David D. Vandenberg, pro se
     Judith E. Hamilton, pro se

---

[5]Document no. 18.

[6]Document no. 21.